FILED

2008 Jan-17  PM 12:50
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **MONICA R. ASKINS,** | ) | |
| | ) | |
| **Claimant,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action No. CV-07-S-893-NE** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | |
| **Commissioner, Social Security** | ) | |
| **Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

Claimant Monica Askins commenced this action on May 11, 2007, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ") denying her claim for a period of disability, disability insurance, and supplementary security income benefits. For the reasons stated herein, the court finds that the Commissioner's ruling is due to be affirmed.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253

(11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards. Specifically, claimant asserts that the ALJ improperly considered the opinions of Dr. W.S. Pennington, Dr. Scariya Kumar, and Dr. Ammar Alrefai, claimant's treating physicians, and the opinion of Dr. Prem Gulati, the consultative examining physician. Upon review of the record, the court concludes these contentions are without merit.

The opinion of a treating physician "must be given substantial or considerable weight unless 'good cause' is shown to the contrary." *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004) (internal citations omitted). Good cause exists when "(1) [the] treating physician's opinion was not bolstered by the evidence; (2) [the] evidence supported a contrary finding; or (3) [the] treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id*. Additionally, the ALJ is not required to accept a conclusory statement from a medical source — even a treating source — that a claimant is unable to work, because the decision whether a claimant is disabled is not a medical opinion, but is a decision "reserved to the Commissioner." 20 C.F.R. § 416.927(e).

Dr. Pennington stated on several occasions, and in a conclusory manner, that claimant is unable to work. First, on November 10, 2003, Dr. Pennington wrote,

2

"Monica Askins is totally disabled for the indefinite future" due to "psychosis, anxiety, and cervical disc syndrome."[1]  Next, on both July 16, 2004, and November 3, 2005, he checked boxes on a form to indicate that claimant's conditions — including anxiety, asthma, cervical disc syndrome, and psychosis — would "eliminate all likelihood of . . . her ability to ever engage in gainful employment again," and that claimant's condition "substantially reduced . . . her ability to work."[2]  Finally, on August 15, 2006, Dr. Pennington provided the following statement:

> It is my medical opinion that Monica Askins, due to her chronic medical conditions, will never get any better, and never be able to work.
>
> Ms. Askins suffers from Rheumatoid arthritis, fibromyalgia, and chronic anxiety.
>
> These illnesses will probably never improve during the duration of her life.
>
> Her condition will probably continue to deteriorate.[3]

The ALJ rejected Dr. Pennington's assessment of claimant's *physical* conditions, holding that claimant did not suffer any physical impairment that could be considered severe.  In support of that decision, the ALJ reasoned that Dr. Pennington's assessment of disabling physical impairments was inconsistent with his

---

[1]Tr. at 170.

[2]Tr. at 164.

[3]Tr. at 214.

3

own records and with the other medical evidence, and that the objective medical findings did not support a physical impairment of disabling severity.[4]  The ALJ also assigned little weight to Dr. Pennington's assessment of claimant's *mental* impairments.  The ALJ noted that, despite claimant's diagnoses of major depressive disorder, bipolar disorder, and anxiety disorder, and her subjective complaints of depression and anxiety, the treatment records from Dr. Pennington and the Mental Health Center did not reveal any clinical findings to support a mental impairment of disabling severity.  The ALJ also noted claimant's consistent failure to follow prescribed treatment.[5]  Finally, the ALJ reasoned that Dr. Pennington's opinion was inconsistent with the December 14, 2005 findings of Dr. Jon Rogers, the consultative psychological examiner.  Claimant appeared intoxicated during Dr. Rogers' examination, but performed well on tests measuring memory and concentration. Claimant reported to Dr. Rogers that she participated in church activities and socialized with her family.  Dr. Rogers reported that claimant was "able to function independently," and that "substance abuse issues complicate the diagnostic process."[6] Dr. Roger noted diagnoses of depressive disorder, anxiety disorder, and cannabis abuse, but he assessed a Global Assessment of Functioning ("GAF") score of 51,

---

[4]Tr. at 16-17.

[5]Tr. at 18-20.

[6]Tr. at 187.

indicating only moderate symptoms and moderate impairment in social or occupational functioning.[7]   Dr. Roberts also stated that claimant's "ability to understand, remember, and carry out instructions would be *mildly* impaired," and her "ability to respond appropriately to supervision, co-workers, and work pressures in a work setting would be *moderately* impaired."[8]

On July 19, 2004, Dr. Kumar, one of claimant's treating psychiatrists, noted that claimant suffered black outs, lack of concentration, and memory loss, and that she was easily overwhelmed.  Dr. Kumar checked a box on a form to indicate that claimant's "mood disorder" and "anxiety disorder" would "eliminate all likelihood of . . . her ability to ever engage in gainful employment again."[9]   Dr. Kumar also checked a box indicating that claimant's "condition substantially reduced . . . her ability to work."[10]   Additionally, on October 6, 2006, Dr. Alrefai, a treating psychiatrist at the Mental Health Center of Madison County, submitted the following statement:

> Monica Askins is seen at the Mental Health Center of Madison

---

[7]*See American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders* 34 (Text Revision, 4th ed. 2000).  As the Eleventh Circuit has recently stated, "The Global Assessment of Functioning, or GAF Scale, is a numeric scale that mental health physicians and doctors use to rate the occupational, psychological, and social functioning of adults."  *McCloud v. Barnhart,* 166 Fed. Appx. 410, 413 n.2 (11th Cir. 2006).

[8]Tr. at 189 (emphasis supplied).

[9]Tr. at 132.

[10]*Id.*

County.  Ms. Askins has been diagnosised [sic] with Bipolar Disorder, NOS and Anxiety Disorder.  She is receiving both therapy and medication (Seroquel 300 mg, Paxil 20 mg, Neurontin 300 mg, and Ambien CR 12.5 mg) to treat her mental illness.  As a result of this diagnosis, Ms. Askin [sic] experiences extreme mood swings, hallucinations, and depression with suicidal ideations.  Ms. Askin [sic] has been hospitalized twice as a result of her mental illness.  Although treatment has assisted in stabilizing Ms. Askin [sic], she continues and will require treatment indefinitely.  In addition to her diagnosed mental illness, Ms. Askins suffers from multiple health problems.

Ms. Askins is greatly limited as a result of her mental and physical limitations.  It is my opinion that these limitations prevent Ms. Askin [sic] from returning to work.[11]

The ALJ assigned little weight to the assessments by Dr. Kumar and Dr. Alrefai, citing reasons similar to those which motivated him to assign little weight to Dr. Pennington's assessments.  Specifically, the ALJ noted that these psychiatrists' findings were unsupported by their own medical records, and inconsistent with the other medical evidence of record, including the findings of the consultative examiner and the state agency medical consultant.  The ALJ also noted claimant's history of substance abuse and her inconsistency in both seeking treatment and following prescribed treatment.

This court finds that good cause exists for the ALJ's decision to reject, or assign little weight to, the opinions of treating physicians Dr. Pennington, Dr. Kumar,

---

[11]Tr. at 288.

and Dr. Alrefai.   The ALJ adequately articulated his reasons for rejecting these physicians' opinions, and his decisions were supported by substantial evidence.

The ALJ also did not err considering the opinion of consultative physical examiner Dr. Gulati.   Social Security regulations state that, in considering what weight to give any medical opinion, the Commissioner should evaluate:  the extent of the examining or treating relationship between the doctor and patient; whether the doctor's opinion can be supported by medical signs and laboratory findings; whether the opinion is consistent with the record as a whole; the doctor's specialization; and other factors.   *See* 20 C.F.R. § 404.1527(d).   Dr. Gulati examined claimant in December 2005, and concluded that she, "at this juncture, is unemployable."[12]   The ALJ assigned only little weight to that assessment because it was unsupported by medical evidence and inconsistent with both the other evidence of record, and with Dr. Gulati's own examination findings.   That decision was supported by substantial evidence.   Specifically, Dr. Gulati noted that claimant was in no acute distress, suffered from no swelling or deformity, had normal range of motion in her upper extremities, could get on and off the examination table, and exhibited normal grip strength and manipulation.   Claimant complained of much muscle tenderness during the physical examination, but Dr. Gulati acknowledged that he was not able to tell

---

[12]Tr. at 193.

7

whether claimant was malingering, and he recommended that a psychiatric evaluation be performed to determine "whether she is functional or not."[13]

The ALJ's evaluation of claimant's credibility also was an essential factor in his decision to reject the opinions of Drs. Pennington, Kumar, Alapati, and Gulati. The ALJ noted that claimant had made inconsistent statements about her illegal drug use. During the November 2006 administrative hearing, claimant stated that she had not used marijuana or cocaine since "way before" March of 2003.[14]  In April 2006, she reported to the Mental Health Center of Madison County that she had not used illegal drugs for about ten years.[15]  Despite these statements, claimant reported to Dr. Rogers in December 2005 that she had used marijuana one month before the examination, and she had used cocaine one year before the examination.[16]  In January 2006, her blood tested positive for the presence of cocaine.[17]  The ALJ properly relied upon these inconsistent statements to conclude that claimant's testimony generally lacked credibility. *See* 20 C.F.R. §§ 404.1529(c)(4) and 416.929(c)(4) (in evaluating whether a claimant's subjective symptoms are of a disabling severity, the Commissioner "will consider whether there are any inconsistencies in the evidence

---

[13]Tr. at 193.

[14]Tr. at 308–09.

[15]Tr. at 273.

[16]Tr. at 185.

[17]Tr. at 235, 237, 240.

and the extent to which there are any conflicts between your statements and the rest of the evidence"); SSR 96-7p, at *5, 61 Fed. Reg. 34483, 34486 (1996) ("The adjudicator must compare statements made by the individual in connection with his or her claim for disability benefits with statements he or she made under other circumstances, when such information is in the case record.").

Based on the foregoing, the court concludes the ALJ's decision was based upon substantial evidence and in accordance with applicable legal standards. Accordingly, the decision of the Commissioner is AFFIRMED. Costs are taxed against claimant. The Clerk is directed to close this file.

DONE this 17th day of January, 2008.

_____
United States District Judge

9